LEGG, Exr., Appellant,

v.

FUCHS, Appellee.

[Cite as *Legg v. Fuchs* (2000), 140 Ohio App.3d 223.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76406.

Decided Nov. 13, 2000.

*Rippner, Schwartz & Carlin, Karen A. Davey* and *John M. Janusz,* for appellant.

*Basil Russo & Co., L.P.A.,* and *Basil M. Russo,* for appellee.

JOHN T. PATTON, Judge.

Plaintiff-appellant John W. Legg (plaintiff) appeals from an order transferring this matter from the general division of the court of common pleas to the probate division.

Plaintiff is the executor of the estate of A. Julius Kleiner. Kleiner died on May 20, 1997. A few months later, on September 16, 1997, plaintiff filed a complaint in the probate division against defendant-appellee Denise Fuchs. The complaint alleged that defendant concealed, embezzled, or conveyed away, or had in her possession, assets of the Estate of A. Julius Kleiner. A magistrate heard the matter and filed a report finding that defendant had concealed assets. The court adopted the magistrate's decision over defendant's objections. The court ordered defendant to pay $28,612.36 to the Estate of A. Julius Kleiner along with the statutory penalty of ten percent interest as mandated by R.C. 2109.52, plus court costs associated with the commencement of this action.

Defendant appealed this decision, but the parties agreed to settle the case after a prehearing settlement conference, and we dismissed the appeal accordingly. Plaintiff sent defendant a written "SETTLEMENT AGREEMENT AND MUTUAL RELEASE." At this time, defendant discharged counsel, hired new counsel, and refused to sign the settlement agreement. As a result, plaintiff filed the instant complaint in the general division of the court of common pleas, alleging that Denise Fuchs has not fully performed her obligations under the settlement agreement that was reached between the parties although performance has been demanded by plaintiff.

Defendant filed a motion to dismiss or to transfer the case to the probate division because she believed that the general division lacked subject matter jurisdiction to hear a claim that involved an estate dispute. Defendant insisted that the probate division was the proper forum for the estate dispute. The court granted defendant's motion to transfer on April 7, 1999.

Plaintiff timely filed his notice of appeal from the order granting the motion to transfer. On appeal, he submits a single assignment of error:

"The common pleas court erred by transferring the case to the probate court because the plaintiff's complaint for breach of a settlement contract reached in the Eighth District Court of Appeals is not in the probate court's jurisdiction."

Although plaintiff presents three arguments within this assignment of error, the third argument is dispositive of the issues in this case. Plaintiff contends that the decision to transfer this matter to the probate division is a final appealable order. In support, he argues that since the probate division does not have jurisdiction, this in effect determines the action and prevents a judgment, thus affecting the estate's right to enforce the settlement agreement.

Our appellate jurisdiction is limited to reviewing final orders. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03. R.C. 2505.02 defines a "final order" as (1) one that affects a substantial right in an action which in effect determines the action and prevents a judgment, (2) an order that affects a

substantial right made in a special proceeding or upon a summary application in an action after judgment, or (3) an order that vacates or sets aside a judgment or grants a new trial.

The order at issue is an order to transfer a contract action grounded on a settlement agreement. This order did not involve a special proceeding or summary application. See *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452. Moreover, it did not involve vacating or setting aside a judgment because no judgment was rendered on the claim to enforce the settlement agreement. Thus, we will proceed with an analysis as to the first prong.

■ Under R.C. 2505.02(B)(1), an order is final and appealable if it satisfies each of these three criteria: (1) it affects a substantial right, (2) it in effect determines the action, and (3) it prevents a judgment. *Bellaire City Schools Bd. of Edn. v. Paxton* (1979), 59 Ohio St.2d 65, 13 O.O.3d 58, 391 N.E.2d 1021.

■ First, we must look to see whether a motion to transfer affects a substantial right. A substantial right for purposes of R.C. 2505.02 is a legal right enforced and protected by law. *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414. In other words, "[a] court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64, 67. An order affects a substantial right if in the absence of immediate review of the order effective relief will be foreclosed. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184.

■ Plaintiff argues that the motion to transfer affects the estate's right to enforce a settlement agreement. We disagree. An order transferring a case from one division of a court to another is not a final appealable order. *Columbus Business Sys., Inc. v. Fair* (1981), 1 Ohio App.3d 79, 1 OBR 358, 439 N.E.2d 910 (small claims to regular docket of municipal court); *Casto v. Pleasants Cty. Bank* (Feb. 28, 1989), Washington App. No. 88CA6, unreported, 1989 WL 19383 (probate division to general division). Plaintiff's complaint regarding the enforcement of the settlement agreement has not been extinguished merely because the case was transferred to the probate division. Plaintiff is entitled to seek relief in the probate division on his claim to enforce the settlement agreement. The only effect the motion to transfer has on his claim is a change in forum from the general division to the probate division. Clearly, the granting of the motion to transfer does not deprive plaintiff of a remedy and does not prohibit him from seeking relief.

■ Second, we must decide whether the motion to transfer determines the action. Plaintiff argues that because the probate division does not have jurisdic-

tion this determines the action. This argument is misplaced. The question of jurisdiction is not relevant to whether the motion to transfer determines the action. Rather, the relevant inquiry is whether the motion to transfer adjudicated all the issues. *Koroshazi v. Koroshazi* (1996), 110 Ohio App.3d 637, 639, 674 N.E.2d 1266, 1267. As stated earlier, the motion to transfer changed only divisions within the court. It did not determine any of the issues. The motion to transfer did not adjudicate plaintiff's claim and the issue whether the settlement agreement should be enforced remains viable and unresolved.

■ Last, we must decide whether the motion to transfer prevents a judgment. Plaintiff argues that a judgment is prevented because the probate division does not have jurisdiction. We disagree. Plaintiff may proceed with his action in the probate division and obtain a judgment. The motion to transfer has no effect on the eventual outcome or judgment in this case. Thus, it does not prevent a judgment.

Based on the above analysis, we find that a final determination or adjudication of plaintiff's claim has not been made; thus, there is no final appealable order. As a result, this court lacks jurisdiction to hear this appeal and the appeal is dismissed.

*Appeal dismissed.*

KARPINSKI, P.J., and TIMOTHY E. MCMONAGLE, J., concur.