OPINION
{¶ 1} Plaintiff-appellant, Timothy A. Carter, appeals from a judgment of the Franklin County Municipal Court in favor of defendants-appellees, Nhan Le and Hudson Import (collectively "Hudson"), on Carter's complaint and in favor of Hudson in the amount of $4,423.27 plus interest on Hudson's counterclaim. For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} In April 2003, Carter took a 1992 Lexus automobile to Hudson for repairs. Hudson performed the repairs at an agreed upon price of $2,263.37. Although Hudson informed Carter that the repairs were completed, Carter failed to pick up the vehicle for approximately four months. When Carter ultimately appeared to pick up the vehicle, Hudson informed him that he owed storage charges in addition to the repair charges. Carter refused to pay the storage charges. Subsequently, Carter removed the car from Hudson's lot without paying the repair bill or the storage charges.
 {¶ 3} On August 20, 2003, Carter filed a complaint against Hudson in the Small Claims Division of the Franklin County Municipal Court alleging that Hudson damaged his vehicle in the amount of $3,000. Specifically, Carter alleged that Hudson damaged the interior of the car by soiling the carpet, door panels and steering wheel with motor oil. Carter also alleged that Hudson caused dents and other damage to the body of the vehicle.
 {¶ 4} Hudson filed an answer and counterclaim. Hudson alleged that Carter brought his 1992 Lexus automobile to its shop "for replacement of the headset, valve job, replacing cylinder heads, timing belt, water pump, all seals, the distributor cap, rotor, wire set, fuel filter, spark plugs and other repairs." The cost of the these repairs was $2,133.14 plus tax. Hudson alleged that the repairs were completed on or before April 20, 2003, and that Hudson notified Carter the vehicle was ready. Hudson also denied that it caused any damage to Carter's vehicle.
 {¶ 5} Before Hudson commenced any repairs, Carter signed a pre-printed form provided by Hudson that stated:
I, the undersigned, give to HUDSON IMPORT and its employees permission to operate my vehicle. I further state that I have and will maintain liability insurance as required by the state of OHIO. I have been informed of the storage fee per day of $20.00 beginning three days from work completion.
 {¶ 6} Based upon this written agreement, Hudson also sought storage charges in the amount of $2,600 for the four months Hudson had the vehicle after it notified Carter that the repairs were completed and the vehicle was ready.
 {¶ 7} After the case was transferred to the Franklin County Municipal Court's regular docket, the parties represented that they had settled their dispute and that they would file an agreed judgment entry or dismissal entry. The trial court directed the parties to file the entry by June 10, 2004. When the parties failed to file an agreed judgment entry or dismissal entry by the specified date, the trial court restored the case to the civil trial docket and set the matter for trial.
 {¶ 8} On October 6, 2004, Hudson filed a motion for continuance of the October 20, 2004 trial date. Apparently, that motion was denied because the case came on for trial before a magistrate on October 20, 2004 by order of the trial court. Carter failed to appear. Hudson's witness, Benny Nguyen, a part owner and mechanic for Hudson, was the only witness to testify. Based upon his testimony, the magistrate ruled in favor of Hudson on Carter's claims and granted judgment against Carter in the amount of $4,423.27 plus interest on Hudson's counterclaim.
 {¶ 9} Carter filed objections to the magistrate's report and decision contending that he failed to appear because he was not notified that the trial court denied Hudson's motion for continuance of the October 20, 2004 trial date. By judgment entry dated January 19, 2005, the trial court overruled Carter's objections and adopted the magistrate's decision.
 {¶ 10} Appearing pro se, Carter appeals assigning the following error:
This case was scheduled to appear before Magistrate Hummer on October 20, 2004. I received a Motion For Continuance of Hearing on October 4, 2004 stating that the defendant Nahn Lee would be out of town on the assigned court date of October 20, 2004. Ms. Lindsey Gelhaus (the baliff [sic]) called my residence to check my availability to appear in court prior to October 20, 2004. I declined the only date that was mentioned and was advised by Ms. Gelhaus that she would call me back to confirm a new court date after speaking with the defendant.
I did not receive any further correspondence from Ms. Gelhause (the baliff [sic]) that the Motion for Continuance of Hearing was denied by Magistrate Hummer; therefore I did not appear for trial on October 20, 2004 as I was awaiting new court documents.
To the Judgment Entry that was decided on January 19, 2005, I am appealing this entry because I was not given a "fair" opportunity to appear before the Judge because of a "lack" of communication on the baliff's [sic] part.
 {¶ 11} At the outset, we note that Carter failed to file with the trial court a transcript of the proceedings before the magistrate or a statement of the evidence pursuant to App.R. 9(C). In the absence of a transcript, the trial court is required to accept the magistrate's findings of fact. Therefore, the trial court could examine only the legal conclusions drawn from those facts. Accordingly, our review of Carter's assignment of error is limited to whether the trial court correctly applied the law to the magistrate's findings of fact. Compton v.Bontrager, Franklin App. No. 03AP-1169, 2004-Ohio-3695, at ¶ 6, citingH.L.S. Bonding Co. v. Fox, Franklin App. No. 03AP-150, 2004-Ohio-547.
 {¶ 12} Although his assignment of error is inartfully worded, Carter essentially contends the trial court erred by overruling his objection to the magistrate's decision because the magistrate should not have proceeded with the trial in his absence. Carter's assignment of error really raises two separate issues: (1) whether the trial court properly proceeded with the trial on the merits of Carter's complaint in his absence; and (2) whether the trial court properly proceeded with the trial on the merits of Hudson's counterclaim in Carter's absence. It is also important to note that Carter does not dispute he was aware of the trial date. Rather, he argues that because he was not contacted after Hudson filed a motion to continue the trial date, he was unaware that Hudson's motion was denied. In support of this argument, Carter alleges facts which are not part of the record before us. In addition, Carter alleges facts and presents arguments on the merits of his claims that he presumably would have presented had he appeared for trial.
 {¶ 13} In examining the first issue raised by Carter's assignment of error, we note that the magistrate addressed the merits of Carter's complaint. Carter alleged that Hudson damaged the interior and exterior of his car while it was in Hudson's possession.[1] The only witness to testify during the trial was Mr. Nguyen, part owner and mechanic for Hudson. Based upon Mr. Nguyen's testimony, the magistrate found that Hudson did not cause any damage to Carter's car. Therefore, the magistrate entered judgment in favor of Hudson on Carter's complaint. In turn, the trial court overruled Carter's objection and adopted the magistrate's decision. Carter contends this was error. We agree.
 {¶ 14} In Allstate Ins. Co. v. Rule (1980), 64 Ohio St.2d 67, the plaintiff and its counsel failed to appear for trial in a declaratory judgment action. The trial court proceeded with the trial in plaintiff's absence and ruled against the plaintiff on the merits of its claim. Following an affirmance by the court of appeals, the Supreme Court of Ohio reversed, holding that "[t]here is no authority in the Civil Rules for proceeding to a trial on the merits of the plaintiff's claim in his absence." The court explained that where a plaintiff fails to appear on the date set for trial, the court may only order a Civ.R. 41(B)(1) dismissal (failure to prosecute) or grant a continuance. Id. at 69; see, also, McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07.
 {¶ 15} Moreover, a trial court must give notice of its intention to dismiss a case with prejudice under Civ.R. 41(B). Therefore, when a plaintiff and his counsel fail to appear for trial on the assigned trial date, it is error for the trial court to dismiss plaintiff's case for failure to prosecute without notice. Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, quoting McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 356-357, Section 13.07. The purpose of notice is to allow the absent party an opportunity to explain the circumstances that caused his or her nonappearance. Id. at 128.
 {¶ 16} In the case at bar, when Carter failed to appear on the trial date, the magistrate's only options were to continue the case or to dismiss the case for failure to prosecute after providing Carter with notice. The magistrate could not decide the merits of Carter's complaint. Therefore, the trial court erred when it overruled Carter's objection and entered judgment in favor of Hudson on the merits of Carter's complaint. Allstate, supra.
 {¶ 17} Carter also challenges the trial court's adoption of the magistrate's decision in favor of Hudson on Hudson's counterclaim. Based upon the testimony of Mr. Nguyen, the magistrate determined that Hudson performed the agreed-upon repairs in a workmanlike manner and that Carter owed Hudson $2,263.27 for those repairs. The magistrate also determined that Carter's car sat on Hudson's lot for approximately four months after Hudson informed Carter the repairs were completed. Lastly, the magistrate found that Carter owed Hudson storage charges in the amount of $2,160 based upon the parties' contract. Therefore, the magistrate entered judgment for Hudson in the amount of $4,423.27 plus interest on its counterclaim.
 {¶ 18} Unlike when a plaintiff or his counsel fails to appear for trial, the proper action for a court to take when a defendant, who has filed a responsive pleading, fails to appear for trial is to require the party seeking relief to proceed ex parte in the defendant's absence. OhioValley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 122; Nance v. Nance (Mar. 6, 1996), Pike App. No. 95CA553. If the plaintiff carries his evidentiary burden, the plaintiff is entitled to judgment.
 {¶ 19} Here, the magistrate properly conducted an ex parte trial on Hudson's counterclaim. To the extent that Carter challenges the factual underpinnings for the trial court's judgment on Hudson's counterclaim, Carter's challenge is without merit. As previously noted, Carter failed to file a transcript of the proceedings below. The duty to provide a transcript for appellate review falls upon the appellant. This is because the appellant bears the burden of showing error by reference to matters in the record. Absent a transcript, this court must presume the regularity of the proceedings below and affirm the trial court's decision. Dailey v. R J Commercial Contracting, Franklin App. No. 01AP-1464, 2002-Ohio-4724, at ¶ 20, citing Fleisher v. SiffrinResidential Assoc., Inc., Mahoning App. No. 01-CA-169, 2002-Ohio-3002, at ¶ 25, following Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Therefore, the trial court did not err by overruling appellant's objection and entering judgment on Hudson's counterclaim.
 {¶ 20} The fact that Carter is acting pro se is immaterial because a pro se litigant "`is held to the same rules, procedures and standards as those litigants represented by counsel and must accept the results of her own mistakes and errors.'" Dailey, supra, at ¶ 17, quoting Dornbirer v.Paul (Aug. 19, 1997), Franklin App. No. 96APE11-1560, discretionary appeal not allowed, 80 Ohio St.3d 1476.
 {¶ 21} In conclusion, Carter's assignment of error is sustained to the extent he challenges the trial court's judgment in favor of Hudson on Carter's complaint. Carter's assignment of error is overruled to the extent it challenges the trial court's judgment in favor of Hudson on Hudson's counterclaim. The judgment of the Franklin County Municipal Court is affirmed in part and reversed in part and the matter is remanded to that court for further proceedings consistent with law and this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
Bryant and Petree, JJ., concur.
[1] The record reflects that Carter filed a "motion to file amended complaint to add plaintiff" approximately three weeks before trial. The amended complaint alleges damages in the amount of $6,287.22. There is no indication in the record whether this motion was granted or denied.