DECISION
{¶ 1} Plaintiff-appellant, Donald Forth, appeals from a judgment of the Franklin County Municipal Court entering judgment for defendant-appellee, Philip Gerth, on plaintiff's legal malpractice action against defendant. Because, on this record, the trial court properly entered judgment for defendant, we affirm.
 {¶ 2} On August 25, 2004, plaintiff filed a complaint in the Small Claims Division of the Franklin County Municipal Court, asserting that on August 26, 2003, defendant was hired as an attorney to represent plaintiff in a civil matter for which defendant was paid $1,240. According to the complaint, defendant delayed filing the case, rendering useless the preferred relief, an injunction. The complaint further alleges defendant promised a filing in another court, but instead withdrew from representation after dismissing the filed complaint in the municipal court. Plaintiff alleges he requested that defendant return the money to him, that defendant refused, and that defendant billed plaintiff additional charges, threatening to sue plaintiff if he did not pay them.
 {¶ 3} The matter was heard before a magistrate of the trial court on October 28, 2004. By decision filed December 22, 2004, the magistrate stated, "[b]ased on the evidence presented and after weighing the credibility and demeanor of the witnesses, the magistrate concludes that plaintiff failed to carry his burden of proof and the complaint must be dismissed. Defendant testified credibly that he provided competent and professional services at the rate agreed to by the parties and that the time spent on the case far exceeded the amount of fees collected from plaintiff." (Magistrate's Decision, at 2.) The magistrate acknowledged plaintiff's testimony that "defendant breached his duties by failing to seek injunctive relief on a timely basis and by failing to file a federal lawsuit as agreed," but the magistrate concluded plaintiff "failed to prove that defendant's performance was either a breach of contract or fell below an acceptable level of professionalism by defendant in his capacity as attorney." Id. As for plaintiff's claim that defendant's fees were excessive, the magistrate stated "[d]efendant testified credibly that the fees were not excessive, and the magistrate concludes they were not after reviewing the provisions of the disciplinary rule and weighing the circumstances of this dispute." Id.
 {¶ 4} Plaintiff filed objections to the magistrate's decision; he argued the magistrate incorrectly decided the matter, and plaintiff supported his objections with factual contentions. Plaintiff, however, did not file a transcript of the magistrate's hearing with the objections. Apparently unaware of plaintiff's objections, the trial court entered judgment for defendant on January 6, 2005
 {¶ 5} In considering plaintiff's objections, the trial court determined "that the magistrate's conclusion of law, i.e., that plaintiff failed to prove by a preponderance of the evidence his claim of breach of contract for professional services, was fully supported by the magistrate's findings of fact." (Judgment Entry, at 1.) Noting plaintiff's contention that he did not file a breach of contract action but a claim for legal malpractice, the trial court concluded "plaintiff was required to present expert testimony to support his claim that defendant fell below the standard of care required of attorneys. On that basis, plaintiff failed to prove his claims of professional negligence." Id. Lastly, pointing out the absence of a transcript, the trial court stated that without a transcript it could not evaluate plaintiff's contentions that the magistrate failed to recognize the evidence before him. Accordingly, the court overruled the objections, adhering to the judgment entered on January 6, 2005.
 {¶ 6} Plaintiff appeals, assigning the following errors:
Assignment of Error #1
The trial Court erred as a matter of law in ruling that Appellant was required to present expert testimony.
Assignment of Error #2
The trial Court abused its discretion in adopting the magistrate's decision because Appellant proved all elements of a legal malpractice claim as a matter of law.
 {¶ 7} Plaintiff's assignments of error are interrelated, and we address them jointly. Together they assert the trial court erred in overruling plaintiff's objections to the magistrate's decision, as plaintiff was not required to present expert testimony regarding defendant's legal malpractice and, despite the absence of an expert, proved all the elements of a legal malpractice claim as a matter of law.
 {¶ 8} Initially, we note, as did the trial court, that plaintiff did not file with the trial court a transcript of the proceedings before the magistrate. While plaintiff supplemented the record on appeal with a transcript, we are precluded from considering it when the trial court did not have the opportunity to review it before determining whether to adopt the magistrate's decision. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728 (stating that when a party fails to file a transcript of the proceedings before the magistrate with the trial court, the appellate court is "precluded from considering the transcript of the hearing submitted with the appellate record"). Moreover, because we cannot review the transcript of the hearing before the magistrate, we are unable to determine whether plaintiff is correct in asserting that the magistrate failed to recognize the evidence before him. SeeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199;Ratchford v. Proprietors' Ins. Co. (1995), 103 Ohio App.3d 192,196; Kowalik v. Kowalik (1997), 118 Ohio App.3d 141, 144-145.
 {¶ 9} "In the absence of a transcript, the trial court is required to accept the magistrate's findings of fact. Therefore, the trial court could examine only the legal conclusions drawn from those facts." Carter v. Le, Franklin App. No. 05AP-173, 2005-Ohio-6209, at ¶ 11. Our review of plaintiff's assignments of error thus "is limited to whether the trial court correctly applied the law to the magistrate's findings of fact. Compton v.Bontrager, Franklin App. No. 03AP-1169, 2004-Ohio-3695, at ¶ 6, citing H.L.S. Bonding Co. v. Fox, Franklin App. No. 03AP-150, 2004-Ohio-547." Carter, at ¶ 11.
 {¶ 10} Plaintiff initially contends the trial court wrongly concluded he was required to present the testimony of an expert witness to prove its legal malpractice claim. Plaintiff asserts that, contrary to the trial court's determination, defendant's failures in representing him lie within the knowledge of a lay person and therefore require no expert witness.
 {¶ 11} Even if plaintiff's contentions be true, the magistrate's decision addresses that issue and resolves it contrary to plaintiff's interests. Specifically, the magistrate said nothing in his report to support plaintiff was required to present the testimony of an expert witness. Instead, the magistrate considered plaintiff's testimony, as well as that of defendant and found defendant's was credible when he testified "he provided competent and professional services at the rate agreed to by the parties and that the time spent on the case far exceeded the amount of fees collected from plaintiff." (Magistrate's Decision, at 2.) As a result, even if plaintiff's evidence, without the benefit of an expert witness, presented a prima facie case of legal malpractice, the magistrate found defendant more credible when defendant stated his services were both competent and professional. With that credibility determination, the magistrate further concluded that plaintiff failed to prove defendant "fell below an acceptable level of professionalism * * * in his capacity as an attorney." Id.
 {¶ 12} Similarly unpersuasive is plaintiff's contention that the trial court erred in failing to perceive that plaintiff proved his case as a matter of law. Whatever evidence plaintiff presented regarding defendant's failures, defendant, according to the magistrate's decision, countered plaintiff's evidence with his own. The trial court, through its magistrate, found defendant's testimony more credible and, premised on that testimony, concluded defendant did not fall below an acceptable level of performance or professionalism in serving as plaintiff's attorney. Under those circumstances, plaintiff is not entitled to judgment as a matter of law.
 {¶ 13} In the final analysis, plaintiff's contentions require an examination of the evidence presented to the magistrate to determine their validity. Because plaintiff failed to present a transcript to the trial court with his objections, we are precluded from reviewing the transcript on appeal. Limited to the findings of fact and conclusions of law in the magistrate's decision, we are left with a decision premised on the credibility of the witnesses. The magistrate's decision, on its face, thus presents no basis for concluding either that plaintiff's evidence outweighed defendant's evidence or that the magistrate wrongly applied the law to the facts of the case.
 {¶ 14} For the foregoing reasons, plaintiff's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
French and Travis, JJ., concur.