DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant appeals from the decisions of the Summit County Court of Common Pleas granting Appellees' motion for partial summary judgment and later granting Appellees' motion for directed verdict. We affirm.
 {¶ 2} Appellant, Gary Clair, brought suit in the Summit County Court of Common Pleas against Appellees, First American Title Insurance Company and Midland Title Security, for alleged breach of contract, negligence, negligent misrepresentation, fraud and breach of fiduciary duty arising out of Appellant's attempted sale of real estate in Summit County. Appellant also sought a *Page 2 
declaratory judgment from the trial court as to whether a title insurance policy had actually been issued. Appellant's claims centered around his assertion that Appellees had issued him a policy for title insurance that they later refused to acknowledge when problems arose with the property and the sale by Appellant to a third person fell through.
 {¶ 3} The trial court granted Appellees' motions for partial summary judgment on the question of whether a policy had been issued, finding that Appellant had not provided sufficient evidence to survive the summary judgment phase, and the remaining claims proceeded to trial. At the close of Appellant's case-in-chief, Appellees' motion for a directed verdict was granted, but Appellee First American was required to pay Appellant the amount he paid as an insurance premium, to which First American assented. Appellant timely appeals the trial court's decision granting the motion for a directed verdict and the motion for partial summary judgment.
 FIRST ASSIGNMENT OF ERROR "The trial court erred to the prejudice of [Appellant] in granting [Appellee's] motion for Directed Verdict as reasonable minds can come to differing conclusions upon the issues presented at trial and, as such, [it] is a matter well within the province of the jury to determine at least one of the issues."
 SECOND ASSIGNMENT OF ERROR "The trial court erred to the prejudice of [Appellant] in granting [Appellee's] motion for directed verdict at the close of [Appellant's] case without requiring [Appellee] to prove such defense." *Page 3 
 THIRD ASSIGNMENT OF ERROR "The trial court erred to the prejudice of [Appellant] in granting [Appellee's] motion for Directed Verdict by determining factual issues, weighing evidence, determining credibility of witnesses, and not giving reasonable inference to [Appellant], each of which is contrary to law."
 FOURTH ASSIGNMENT OF ERROR "The trial court erred to the prejudice of [Appellant] and abused its discretion in granting [Appellee's] motion for Directed Verdict on the basis that the Court's assessment of damages are fact issues for a jury to determine."
 {¶ 4} Appellant makes a series of arguments regarding the trial court's decision to grant Appellees' motion for directed verdict. We affirm the trial court's decision.
 {¶ 5} Under Civ.R. 50(A), a defendant may move for a directed verdict at the close of a plaintiff's case in chief.
 "In ruling on a directed verdict — or, in our case, considering such a ruling on appeal — a court must construe the evidence most strongly in favor of the non-moving party and determine whether reasonable minds can come to but one conclusion on the evidence submitted, that conclusion being adverse to the non-moving party. If reasonable minds can reach different conclusions, the matter must be submitted to a jury. The court considers the motion without weighing the evidence or determining the credibility of witnesses. A motion for a directed verdict raises a question of law because it examines the materiality of the evidence rather than the conclusions to be drawn from the evidence. Thus, the court does not determine whether one version of the facts presented is more persuasive than another; rather, it determines whether only one result can be reached under the theories of law presented in the complaint." (Citations omitted.) Cox v. Oliver Machinery Co. (1987), 41 Ohio App.3d 28, 29. *Page 4 
We review the trial court's decision de novo. Nichols v. Hanzel (1996),110 Ohio App.3d 591, 599.
 {¶ 6} This standard of review requires the appellate court to review the record and the evidence presented by the plaintiff in the trial court action, and to determine whether that evidence was such that only one result could be reached by the trier of fact. This court cannot review the evidence presented by Appellant as plaintiff in the trial court because Appellant has failed to provide the record of the trial court proceedings necessary for that review. Appellant has only provided this court with the transcript of the argument regarding Appellees' motion for a directed verdict, which occurred at the close of Appellant's case-in-chief.
 {¶ 7} Under App.R. 9(B), it is the duty of the appellant to provide the appellate court with the portions of the record necessary for considering the appellant's claims, because it is the appellant's burden to demonstrate error in the trial court by identifying the portions of the trial court record where those errors are found. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 8} When reviewing a trial court's decision to grant a motion for directed verdict, this court reviews the evidence presented at trial that the trial *Page 5 
court considered in making its decision. Without a transcript of the proceedings from Appellant's case-in-chief, we must presume that the proceedings in the trial court leading the trial judge to grant Appellees' motion for directed verdict were without irregularity. As each of Appellant's first, second, third and fourth assignments of error deals with the directed verdict entered by the trial court, we overrule each of these four assignments of error and we affirm the trial court's decision.
 FIFTH ASSIGNMENT OF ERROR "The trial court erred in granting [Appellee's] motion for Summary Judgment based upon determinations of disputed issues of fact and not as a matter of law."
 {¶ 9} Appellant asks this court to find that the trial court's decision to grant Appellees' motions for partial summary judgment was in error. We do not so find.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the *Page 6 
burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Appellees provided for the record affidavits from the Title Operations Manager for First American Title, who was also the custodian of records for Midland Title. He averred that Midland's records included a commitment from the 1991 sale by Haven of Rest to Appellant, and that the proposed party to be guaranteed under the commitment was Haven of Rest, not Appellant. The affiant stated that the companies' records contained no guaranty or commitment issued to Appellant either by Midland or by First American. Moreover, he averred that, because Appellant had never ordered a survey of the land, no such policy would have been issued without a "survey exception clause" *Page 7 
and such a clause would exempt from coverage anything — including encroachments — that could have been discovered by means of a survey.
 {¶ 12} Appellant's response to Appellees' motion for summary judgment did not satisfy his reciprocal burden under Dresher to offer specific facts that would demonstrate a genuine issue for trial. In his complaint, Appellant had raised a claim of breach of contract. Generally, in order to prove breach of contract, a plaintiff must demonstrate the following elements by a preponderance of the evidence: (1) that a contract existed; (2) that the plaintiff fulfilled his obligations; (3) that the defendant failed to fulfill his obligations; and (4) that damages resulted from this failure. Lawrence v. Lorain Cty.Community College (1998), 127 Ohio App.3d 546, 548-49. A review of Appellant's response to the motion for summary judgment demonstrates that the evidence offered by Appellant was not sufficient to create a genuine issue of material fact with respect to his claims about the existence of a contract.
 {¶ 13} In response to Appellees' averment that it had never issued title insurance to him, Appellant attached a "Commitment for Issuance of Title Guaranty." However, he has not purported to sue under this Commitment. Indeed, the very terms of the Commitment would prohibit such a suit:
 "This Commitment is preliminary to and contingent upon the issuance of such Guaranty and all liability and obligations hereunder shall expire 90 days after the effective date hereof, or upon issuance of the Title Guaranty, whichever is earlier." *Page 8 
There is no question that the time bar contained in the Commitment would preclude Appellant from suing under the actual Commitment. Moreover, the Commitment attached to Appellant's response was not issued to Appellant.
 {¶ 14} However, Appellant did assert that the attached Commitment for the 1991 purchase was copied and used in his 1992 transaction. Even if Appellant were correct on this point, his claims must still fail. Appellant has argued that the 1991 Commitment must have led to the issuance of title insurance or a title guaranty. In support of that argument, Appellant has asserted that he paid premiums for title insurance. Appellant's payment of premiums alone, however, cannot create a contract when no valid contract is otherwise shown to exist. Moreover, the plain language of the 1991 Commitment, that it "is preliminary to and contingent upon the issuance of a guaranty, reveals that the Commitment does not mandate the issuance of a title guaranty. As such, Appellant may not rely upon the Commitment to prove that a guaranty was issued.
 {¶ 15} Appellant has attempted to sue under a contract that he did not have in his possession and that Appellees averred was never created. In his response to Appellees' motion for summary judgment, he provided no evidence that Appellees had actually issued him title insurance or a title guaranty, nor could he provide any evidence of the terms of this purported contract if it had been created. Accordingly, the trial court did not err in finding that Appellant did not satisfy his burden of demonstrating a genuine issue of material fact, and in granting *Page 9 
Appellees' motion for summary judgment. Appellant's fifth assignment of error is overruled, and the judgment of the trial court is affirmed.
 {¶ 16} We find that Appellant's assignments of error one through four are not reviewable because an incomplete record was filed with this court. The fifth assignment of error is without merit. Each assignment is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 10 
Costs taxed to Appellant.
CARR, J., DICKINSON, J. CONCURS