OPINION
{¶ 1} Defendant-appellant, Bert Magana ("Magana" or "defendant"), proceeding pro se, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Farmers Market Drive-In Shopping Centers, Inc. ("Farmers Market"). *Page 2 
 {¶ 2} In August 2003, defendant and Tammy Khim jointly and severally entered into a commercial lease agreement with Farmers Market for the purpose of establishing a business that planned to serve soft drinks, malted beverage products, and spirituous liquors for consumption on premises.
 {¶ 3} On July 21, 2004, alleging breach of contract, Farmers Market filed a complaint in the Franklin County Court of Common Pleas against Magana and Khim for their purported failure to pay rent as required under the commercial lease agreement. Service of process was attempted upon both Magana and Khim; however, only Magana was successfully served.
 {¶ 4} Alleging that plaintiff breached the lease agreement, defendant asserted a counterclaim against plaintiff. Plaintiff denied defendant's allegations that it breached the lease agreement. Claiming that it was entitled to judgment as a matter of law and that there were no genuine issues of material fact, plaintiff later moved for summary judgment, which the trial court denied.
 {¶ 5} Pursuant to former Civ.R. 53 and Loc.R. 99.02 of the Franklin County Court of Common Pleas, General Division, the trial court then referred the matter to a magistrate of the common pleas court for a bench trial. Following a bench trial, the magistrate issued a decision that included findings of fact and conclusions of law. In his decision, the magistrate concluded, among other things, that: (1) the parties agreed that May 1, 2004, was the date that rent should have commenced; (2) due to mutual mistake, the written lease agreement specified an earlier date for the commencement of rent; (3) because clear and convincing evidence supported a finding that the parties made a mutual mistake, the equitable doctrine of reformation properly was implicated; *Page 3 
(4) plaintiff's incorrect demand for rent, without more, did not constitute a breach of the lease agreement; (5) there was no evidence that plaintiff failed to perform a contractual duty; (6) defendant defaulted by failing to pay for rent that he agreed was owed to plaintiff; and (7) defendant failed to support his burden that plaintiff failed to mitigate damages.
 {¶ 6} Accordingly, the magistrate reformed the parties' contract, resolved all claims in favor of plaintiff, and awarded damages and attorney fees to plaintiff.
 {¶ 7} Defendant filed objections to the magistrate's decision, but he did not support his objections with a transcript of the proceedings before the magistrate. The trial court overruled defendant's objections to the magistrate's decision. From the trial court's judgment, defendant now appeals.
 {¶ 8} Although the parties have not raised whether subject-matter jurisdiction properly lies, on our own motion we begin our examination of defendant's appeal by considering whether the trial court's judgment is a final appealable order and whether this court properly has subject-matter jurisdiction of the instant appeal.
 {¶ 9} "Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." Pratts v. Hurley, 102 Ohio St.3d 81,2004-Ohio-1980, at ¶ 11, citing United States v. Cotton (2002),535 U.S. 625, 630, 122 S.Ct. 1781; State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, 75, reconsideration denied (1999), 84 Ohio St.3d 1475. Accordingly, whether subject matter properly lies may be raised sua sponte by an appellate court. Mogavero v. Lombardo (2001), Franklin App. No. 01AP-98, citing State ex rel. White v. Cuyahoga Metro. Hous.Auth. (1997), 79 Ohio St.3d 543, 544. *Page 4 
 {¶ 10} "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts."Mogavero, supra, citing Section 3(B)(2), Article IV, Ohio Constitution; see, also, Gehm v. Timberline Post Frame, 112 Ohio St.3d 514,2007-Ohio-607, at ¶ 13. Absent a final appealable order, an appellate court has no jurisdiction to review a matter, General Acc. Ins. Co. v.Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17, 20, and such a matter must be dismissed. Renner's Welding and Fabrication, Inc. v. Chrysler MotorCorp. (1996), 117 Ohio App.3d 61, 64; see, also, Gehm, at ¶ 14;Mogavero, supra; McClary v. M/I Schottenstein Homes, Inc., Franklin App. No. 03AP-777, 2004-Ohio-7047, at ¶ 15.
 {¶ 11} To resolve whether a judgment is final, an appellate court must engage in a two-step determination. General Acc. Ins. Co., at 21; see, also, Mogavero, supra; McClary, at ¶ 16. In McClary, this court stated:
 * * * First, an appellate court must determine whether the order is final pursuant to the requirements of R.C. 2505.02. If an appellate court determines that the order complies with R.C. 2505.02 and is final, then an appellate court must decide whether Civ.R. 54(B) language is required. * * *
Id., citing General Acc. Ins. Co., at 21; see, also, Mogavero, supra.
 {¶ 12} "`An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met.'" Gehm, at ¶ 15, quoting State ex rel. Scruggs v. Sadler,97 Ohio St.3d 78, 2002-Ohio-5315, at ¶ 5; see, also, Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, syllabus.
 {¶ 13} R.C. 2505.02(B)(1) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the *Page 5 
following: (1) [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment [.]"
 {¶ 14} Under R.C. 2505.02(A)(1), a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "A substantial right for purposes of R.C. 2505.02 is a legal right enforced and protected by law." Legg v. Fuchs (2000),140 Ohio App.3d 223, 226, citing State ex rel. Hughes v. Celeste (1993),67 Ohio St.3d 429, 430. Stated differently, "`[a] court order which deprives a person of a remedy which he would otherwise possess deprives that person of a substantial right.'" Legg, at 226, quoting Chef Italiano, at 88. "An order affects a substantial right if in the absence of immediate review of the order effective relief will be foreclosed." Legg, at 226, citing Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63, modified in part on other grounds by Moskovitz v. Mt. Sinai Med.Ctr. (1994), 69 Ohio St.3d 638, paragraph four of the syllabus.
 {¶ 15} Here, the trial court's order unequivocally fits within R.C.2505.02 as it affects a substantial right, namely, plaintiff's and defendant's right to recover for breach of contract claims. By resolving all claims against defendant, the trial court's order determined the action against defendant, and it prevented a judgment against plaintiff by defendant. See, e.g., Marbella Assoc. v. Morris (May 30, 1995), Warren App. No. CA94-12-104 (finding that breach of contract affected a "substantial right" under R.C. 2505.02); Bell Drilling Producing Co.v. Kilbarger Constr. Co. (June 26, 1997), Hocking App. No. 96CA23 (concluding that judgment in favor of breach of contract claim is an order that *Page 6 
affected a substantial right and that, in effect, determined the action; however, notwithstanding this conclusion, dismissing appeal for lack of final appealable order).
 {¶ 16} However, in the instant case, besides suing defendant for breach of contract, plaintiff also sued defendant Tammy Khim. Thus, plaintiff brought an action against multiple defendants, and, therefore, we must also consider whether Civ.R. 54(B) is implicated under the facts of this case.
 {¶ 17} Civ.R. 54(B) provides, in part:
 * * * [W]hen multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of * * * the parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however, designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 {¶ 18} Here, although plaintiff named Tammy Khim as a defendant in its lawsuit, plaintiff did not successfully make service of process upon her. Civ.R. 4(E) provides in part:
 If service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. * * *
 {¶ 19} However, notwithstanding Civ.R 4(E)'s instruction that an action against a defendant should be dismissed if, within six months of the filing of a complaint, service of process is not made upon a defendant, and despite plaintiff's failure to achieve service of *Page 7 
process upon Khim, plaintiff did not move to dismiss Khim without prejudice from the lawsuit. Also, the trial court upon its own initiative did not dismiss Khim without prejudice.
 {¶ 20} Under Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" See, also, R.C. 2305.17
(commencement of action); but, see, Seger v. For Women,110 Ohio St.3d 451, 2006-Ohio-4855, at ¶ 7 (stating that R.C. 2305.17's requirement for filing a praecipe with a complaint for an action to be considered "commenced" conflicts with Civ.R. 3[A] and, therefore, appellee was not required to comply with praecipe requirement of R.C. 2305.17).
 {¶ 21} Here, the trial court rendered its judgment approximately 22 months after plaintiff filed its complaint naming Tammy Khim as a defendant. During the approximately 22-month period in which the matter was pending in the trial court, plaintiff did not successfully make service of process upon Khim. Thus, because plaintiff failed to make service of process upon Khim within one year from the filing of its complaint as required by Civ.R. 3(A), plaintiff's cause of action against her was not formally commenced. See, generally, Lash v.Miller (1977), 50 Ohio St.2d 63 (stating that "[effective service of summons on the defendant is a necessary prerequisite to the commencement of a civil action"); Lincoln Tavern, Inc. v. Snader (1956),165 Ohio St. 61, 64 (stating that "[i]t is axiomatic that for a court to acquire jurisdiction there must be proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void").
 {¶ 22} Because plaintiff's action against Khim was not formally commenced within the one-year time period for obtaining service under Civ.R. 3(A) and, as a consequence, *Page 8 
there was no action against Khim at the time that the trial court rendered its judgment; and because the trial court resolved all outstanding claims, rights, and liabilities between the remaining parties, we conclude that the trial court's order was final pursuant to R.C. 2505.02(B)(1). See, e.g., Tate v. Adena Regional Med. Ctr.,155 Ohio App.3d 524, 2003-Ohio-7042, at ¶ 12, appeal not allowed (2004),102 Ohio St.3d 1447, 2004-Ohio-2263 (concluding that because action against defendants was not formally commenced, failure to resolve claims against these defendants did not render judgment interlocutory or nonappealable).
 {¶ 23} Furthermore, because all the claims, rights, and liabilities of plaintiff and defendant were adjudicated by the trial court, and because there was no action against Khim at the time that the trial court rendered its judgment as the one-year period for obtaining service of process upon Khim had expired without successful service of process having been effected upon her as required by Civ.R. 3(A), we also conclude that the requirements of Civ.R. 54(B) are inapposite under the facts of this case. Cf. Redmond v. Big Sandy Furniture, Inc., Lawrence App. No. 06CA15, 2007-Ohio-1024, at ¶ 17 (concluding that because the one-year time period for obtaining service of process upon a defendant had not expired when the trial court issued its order, the action involved multiple parties and Civ.R 54[B] applied).
 {¶ 24} Accordingly, for the reasons set forth above, we hold that the trial court's judgment is a final appealable order and that, for purposes of our appellate review, subject-matter jurisdiction properly lies. Accord Hull v. Lopez, Scioto App. No. 01CA2793, 2002-Ohio-6162, at ¶ 32 (concluding that actions against defendants were not *Page 9 
duly commenced because service of process was not obtained and, as a consequence, Civ.R. 54[B] did not apply, and the judgment under review was a final appealable order).
 {¶ 25} Defendant assigns three errors for our consideration:
 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT THE DEFENDANT BREACHED A CONTRACT WHEN IN FACT THE EVIDENCE OF RECORD DEMONSTRATES THAT THE LEGAL ELEMENTS OF A BREACH OF CONTRACT BY THE DEFENDANT DID NOT EXIST.
 2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO FIND THAT THE DEFENDANT ACTED AND RELIED UPON PLAINTIFF'S ANTICIPATORY BREACH.
 3. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY HOLDING THAT THE LEASE AGREEMENT SHOULD BE REFORMED TO REFLECT THE PARTIES' AGREED UPON RENT COMMENCEMENT DATE, BUT FAILING TO FIND THAT THE PLAINTIFF WAS THE BREACHING PARTY.
 {¶ 26} At the outset, we observe, as did the trial court, that defendant failed to file a transcript of the proceedings before the magistrate with the trial court.
 {¶ 27} In Forth v. Gerth, Franklin App. No. 05AP-576, 2005-Ohio-6619, this court stated:
 "In the absence of a transcript, the trial court is required to accept the magistrate's findings of fact. Therefore, the trial court could examine only the legal conclusions drawn from those facts." Carter v. Le, Franklin App. No. 05AP-173, 2005-Ohio-6209, at ¶ 11. Our review of plaintiff's assignments of error thus "is limited to whether the trial court correctly applied the law to the magistrate's findings of fact. Compton v. Bontrager, Franklin App. No. 03AP-1169, 2004-Ohio-3695, at ¶ 6, citing H.L.S. Bonding Co. v. Fox, Franklin App. No. 03AP-150, 2004-547." Carter, at ¶ 11.
Id. at ¶ 9. *Page 10 
 {¶ 28} Applying the reasoning of Forth, in the absence of a transcript of the proceedings before the magistrate, the trial court was required to accept the magistrate's findings of fact, and the trial court could only examine the magistrate's legal conclusions that were drawn from those facts. See, also, former Civ.R. 53(E)(3)(c) (providing that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available");[1]Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19.[2]
 {¶ 29} Moreover, as stated in Forth, our appellate review of the matter before us is therefore "`limited to whether the trial court correctly applied the law to the magistrate's findings of fact.'" Id. at ¶ 9, quoting Carter v. Le, Franklin App. No. 05AP-173, 2005-Ohio-6209, at ¶ 11.
 {¶ 30} Appellant's first assignment of error asserts that the trial court erred by finding that defendant breached a contract when the evidence demonstrated that the legal elements of a breach of contract claim did not exist. *Page 11 
 {¶ 31} "Generally, the elements for a breach of contract are that a plaintiff must demonstrate by a preponderance of the evidence (1) that a contract existed, (2) that the plaintiff fulfilled his obligations, (3) that the defendant failed to fulfill his obligations, and (4) that damages resulted from this failure." Spano Brothers Constr. Co., Inc. v.Adolph Johnson Son Co., Summit App. No. 23405, 2007-Ohio-1427, at ¶ 12, citing Lawrence v. Lorain Cty. Community College (1998),127 Ohio App.3d 547, 548-549; see, also, Clair v. First Am. Title Ins., Summit App. No. 23382, 2007-Ohio-1681, at ¶ 12.
 {¶ 32} "When the facts presented in a case are undisputed, whether they constitute a performance or a breach of the contract, is a question of law for the court." Luntz v. Stern (1939), 135 Ohio St. 225, 247. However, "`[w]hen disputed, good faith efforts to satisfy contract conditions are factual issues.'" Butler Cty. Bd. of Commrs. v.Hamilton (2001), 145 Ohio App.3d 454, 478, appeal not allowed,94 Ohio St.3d 1410, quoting Kebe v. Nutro Machinery Corp. (1985),30 Ohio App.3d 175, 178.
 {¶ 33} Here, by his first assignment of error, defendant disputes factual findings of the magistrate and the trial court; namely, defendant disputes whether a contract was formed between himself and plaintiff, and, assuming a valid contract was formed, defendant also disputes whether he should be held liable for breach of contract.
 {¶ 34} In State v. DeHass (1967), 10 Ohio St.2d 230, the Supreme Court of Ohio held that in a criminal or civil case, a determination of the weight of the evidence and credibility of witnesses is primarily for the trier of facts. Id. at paragraph one of the syllabus. In In reD.F., Franklin App. No. 06AP-1052, 2007-Ohio-617, this court also recently observed: *Page 12 
 "While it is for the court to pass upon the competency of a witness, it is a question for the jury to say whether a witness is to be believed, since it sees the manner in which the witness gave his testimony. The veracity of the witness is for its consideration, and it is a generally established rule that the credibility of witnesses, or the extent of the credit due them, is a question for the determination of the jury upon all the competent facts and circumstances of the case before it. The jury may believe all that a witness has said, or part or none of it. Likewise, the jurors may give to the testimony of a witness much, little, or no weight. * * *"
 * * *
 Where there is no jury, this function is that of the trial court as trier of fact. * * *
Id. at ¶ 26, fn. 3, quoting Maxton Motors, Inc. v. Schindler (Dec. 26, 1984), Defiance App. No. 4-83-23, quoting 44 Ohio Jurisprudence 3d (1983) 375, Evidence and Witnesses.
 {¶ 35} Here, the resolution of whether the parties had the requisite intent to form a contract and whether defendant should be held liable for breach of contract turns on factual determinations that were made by the magistrate, who as the trier of fact was able to observe the witnesses' demeanor, assess the witnesses' credibility, and determine the weight of the evidence. See, e.g., Oglebay Norton Co. v. Armco,Inc. (1990), 52 Ohio St.3d 232, 235, citing Normandy Place Assoc. v.Breyer (1982), 2 Ohio St.3d 102 (stating "[w]hether the parties intended to be bound * * * is a question of fact properly resolved by the trier of fact"); Reali, Giampetro Scott v. Soc. Natl. Bank (1999),133 Ohio App.3d 844, 850, citing Columbus Hocking Valley Toledo Ry. Co. v.Gaffney (1901), 65 Ohio St. 104, 116-117 (stating that "[t]he conduct and declarations of the party must be examined to determine the existence of an intent to be bound"); see, also, Butler Cty. Bd. *Page 13 of Commrs., at 478 (stating that disputed good-faith efforts to satisfy contract conditions are factual issues).
 {¶ 36} Absent a transcript of the proceedings before the magistrate, our review is therefore limited to determining whether the trial court correctly applied the law to the magistrate's findings of fact. Accepting the magistrate's findings of fact as correct, we cannot conclude that the trial court incorrectly applied the law to the magistrate's findings of fact.
 {¶ 37} Accordingly, for the reasons set forth above, we overrule defendant's first assignment of error.
 {¶ 38} By his second assignment of error, defendant asserts that the trial court erred by failing to find that defendant acted and relied upon plaintiff's anticipatory breach of the commercial lease agreement.
 {¶ 39} In Daniel E. Terreri Sons, Inc. v. Mahoning Cty. Bd. ofCommrs., 152 Ohio App.3d 95, 2003-Ohio-1227, appeal not allowed,100 Ohio St.3d 1480, 2003-Ohio-5993, the Seventh District Court of Appeals observed:
 "[W]hen a contracting party repudiates the contract prior to the time that such party's performance is due, an `anticipatory breach' or, more precisely, an `anticipatory repudiation' occurs, and the injured party has an immediate action for damages for total breach. Farnsworth, Contracts (1982) 627-628, Section 8.20." Farmers Comm. Co. v. Burks (1998), 130 Ohio App.3d 158, 172, 719 N.E.2d 980. The nonbreaching party may also rely on the anticipatory repudiation as a defense against a subsequent breach-of-contract claim. Premium Enterpises, Inc. v. T.S., Inc. (Feb. 9, 1999), 9th Dist. No. 2751-M, 1999 WL 61488; 13 Williston on Contracts (4th Ed. 2000) 668, Section 39:37. *Page 14 
Id. at ¶ 44. See, also, Banks v. Bob Miller Builders, Inc. (Dec. 18, 2001), Franklin App. No. 01AP-582 (discussing "anticipatory breach").
 {¶ 40} Under Restatement of the Law 2d, Contracts (1981) 272, Section 250, "[a] repudiation is (a) a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach * * * or (b) a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach." See, also, Restatement of the Law 2d (1981), Section 250, at Comments b, c, and d[3].
 {¶ 41} Here, whether plaintiff repudiated the contract, as defendant contends, turns, in part, on factual determinations that were made by the magistrate who was able to observe the witnesses' demeanor, assess the witnesses' credibility, and determine the weight of the evidence. Based on his factual determination, the magistrate concluded that plaintiff did not repudiate the contract.
 {¶ 42} Absent a transcript of the proceedings before the magistrate, our review is limited to determining whether the trial court correctly applied the law to the magistrate's findings of fact. Forth, supra, at ¶ 9. Accepting the magistrate's factual determinations as correct, we cannot conclude that the trial court incorrectly applied the law to the magistrate's findings of fact. *Page 15 
 {¶ 43} Accordingly, we overrule defendant's second assignment of error.
 {¶ 44} By his third assignment of error, defendant asserts: "The trial court committed reversible error by holding that the lease agreement should be reformed to reflect the parties' agreed upon rent commencement date, but failing to find that the plaintiff was the breaching party."
 {¶ 45} As previously discussed, because both plaintiff and defendant alleged that the other party breached the commercial lease, the magistrate was required to factually determine which party, if any, breached the parties' agreement. Because defendant failed to provide a transcript of the proceedings before the magistrate, the trial court could examine only the legal conclusions drawn from the magistrate's findings of fact. And, absent a transcript of the proceedings before the magistrate, our review is limited to determining whether the trial court correctly applied the law to the magistrate's findings of fact. Accordingly, defendant's claim that the trial court erred by factually finding that plaintiff did not breach the commercial lease agreement is not well-taken.
 {¶ 46} Here, the magistrate factually determined that a mutual mistake occurred. In his findings of fact, the magistrate found:
 Mr. Magana and Mr. Chester (Casto's leasing agent) testified that, prior to entering into the Lease, the parties had verbally agreed that the obligation to pay rent would commence four months after the bar opened. The four months of free rent was intended to compensate for the renovation work required to make the Premises ready and to allow the bar time to develop business.
 At trial, Plaintiff agreed that the written terms of the Lease relating to the rent commencement date were a mutual mistake and that Mr. Magana's obligation to pay rent commenced on May 1, 2004, four months after the bar *Page 16 
opened. At the time of the events at issue, however, the rent commencement date was in dispute.
(Magistrate's Decision, at 2.)
 {¶ 47} After making the factual finding that a mutual mistake had occurred, the magistrate concluded that the equitable doctrine of reformation was implicated. In his conclusions of law, the magistrate stated:
 Here there is clear and convincing evidence that the parties made the same mistake and that the Lease should have provided that the rent commencement date was May 1, 2004. Accordingly, under the equitable doctrine of reformation, the Lease is modified to reflect the agreed upon rent commencement date of May 1, 2004.
Id. at 7.
 {¶ 48} In adopting the magistrate's decision, the trial court stated:
 The record does demonstrate that Plaintiff, for some time, did try to enforce the Lease Agreement terms as written and asserted it was entitled to rent for the period prior to May, 2004. But Plaintiff later conceded that, due to the oral representation of its leasing agent, the Lease Agreement should have provided for a period of free rent. The Plaintiff did attempt to enforce the written terms of the contract, but later realized the mistake. Though it did not do so until well into this litigation, there is no evidence of fraud or bad faith. Rather, the Magistrate's factual findings support the conclusion that the Lease Agreement set forth incorrect terms as a result of a mutual mistake. The Magistrate also properly concluded that the appropriate remedy was to reform the terms of the Lease Agreement to reflect the intent of the parties regarding the rent commencement date.
(Decision and Entry Overruling Defendant's Objections to the Magistrate's Decision, at 7.)
 {¶ 49} In Wagner v. Natl. Fire Ins. Co. (1937), 132 Ohio St. 405, the Supreme Court of Ohio instructed: *Page 17 
 Mutual mistake is the mistake of all parties to the contract. Reformation is available where it is shown that the written instrument does not express the true agreement entered into between the contracting parties by reason of mistake common to them; in such a case equity affords the restorative remedy of reformation in order to make the writing conform to the real intention of the parties. Equity, however, will never make a new contract for those who executed the writing sought to be reformed. Fidelity Casualty Co. of New York v. Hartzell Bros. Co. [(1924), 109 Ohio St. 566]. It is established that in a proper case it is admissible to show the true agreement by parol evidence (Davenport v. Widow and Heirs at Law of Sovil, 6 Ohio St. 459); but the law attaches a certain sanctity to written instruments and therefore reformation is available only when the mutual mistake is shown by clear and convincing evidence. (Stewart v. Gordon, 60 Ohio St. 170, 53 N.E. 797).
Id. at 412-413.
 {¶ 50} Absent a transcript of the proceedings before the magistrate, and accepting the magistrate's findings of fact as correct, we cannot conclude that the trial court erred by finding that the written agreement did not express the true agreement entered into by the parties by reason of a mistake common to them. Accordingly, we cannot conclude that the trial court incorrectly applied the law to the magistrate's findings of fact.
 {¶ 51} For the foregoing reasons, defendant's third assignment of error is overruled.
 {¶ 52} Accordingly, having overruled all three of defendant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and KLATT, JJ., concur.
[1] Civ.R. 53 was amended after the magistrate issued his decision and after the trial court rendered judgment. Civ.R. 53(D)(3)(b)(iii) now provides in part:
 An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. * * *
[2] In Rose Chevrolet, the Supreme Court of Ohio stated:
 * * [W]here a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. * * * Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee.
Id. at 19. (Citations omitted.)
[3] Comment b to section 250 states in part: "In order to constitute a repudiation, a party's language must be sufficiently positive to be reasonably interpreted to mean that the party will not or cannot perform." Id. at 273. Under comment c to section 250, "[i]n order to constitute a repudiation, a party's act must be both voluntary and affirmative, and must make it actually or apparently impossible for him to perform." Id at 274. Comment d to section 250 states in part: "In order for a statement or an act to be a repudiation, the threatened breach must be of sufficient gravity that, if the breach actually occurred, it would of itself give the obligee a claim for damages for total breach under § 243(1). Generally, a party acts at his peril if, insisting on what he mistakenly believes to be his rights, he refuses to perform his duty. His statement is a repudiation if the threatened breach would, without more, have given the injured party a claim for damages for total breach. * * *" Id. at 274-275. *Page 1