YURCHAK, APPELLEE, *v.* JACK BOIMAN CONSTRUCTION CO. ET AL., APPELLANTS.

(No. C-800830—Decided November 18, 1981.)

*Mr. Steven J. Chabot,* for appellee.
*Mr. William D. Haders,* for appellants.

*Per Curiam.* This contract action arose out of a transaction between Michael Yurchak, plaintiff-appellee, and Jack Boiman Construction Company and Jack Boiman, defendants-appellants. On May 7, 1977, the parties entered into a written agreement whereby defendants undertook to waterproof plaintiff's basement. Central to the contract was defendants' guaranty that the basement would be waterproof for ten years. Plaintiff paid defendants $2,400, leaving a balance of $800 to be paid upon the job's completion. After defendants had finished their work, but before plaintiff could make final payment, it rained, and water leaked into plaintiff's basement much as it did before defendants attempted to waterproof it. Defendants endeavored several times to repair the leaks but were unable to do so. Plaintiff sued defendants on the breach of the guaranty and sought recovery of the $2,400 paid to defendants under the contract, and defendants counterclaimed for the outstanding $800. The evidence indicated that plaintiff received some minimal benefit from defendants' services. The jury found for plaintiff awarding him $2,000. Defendants appeal raising four assignments of error, none of which have merit.

In their first assignment of error defendants state that the trial court erred in overruling their motion for a directed verdict where the evidence showed that whereas the defendants had performed the contract, plaintiff had failed to perform his obligations thereunder (by withholding payment of the $800). We find this assignment unconvincing because it assumes that defendants had fully performed but the evidence showed that defendants' performance failed to achieve the ultimate object of the contract (the waterproofing of the basement). Final payment by plaintiff was clearly conditioned upon defendants' satisfactory completion of the task, and plaintiff was justified in withholding payment until the waterproofing of the basement was fully performed. Defendants' first assignment of error is overruled.

Defendants' second assignment of error is that the trial court erred in awarding a judgment to plaintiff in the absence of evidence indicating that the job was done in an unworkmanlike fashion or contrary to the contract specifications. This assignment is similar to the first in that it assumes that defendants fully complied with the contract specifications when the evidence, as well as the jury's verdict, clearly indicate the contrary. Defendants' failure to waterproof the basement was a material breach of the

contract and entitled plaintiff to sue for an appropriate remedy.

This brings us to the third assignment of error that it was improper for the court to award judgment to the plaintiff when there was no evidence as to the amount of damages. The controlling fact is that plaintiff bargained and paid for a watertight basement which he did not receive. Defendants failed to render the consideration due under the contract and the plaintiff was entitled to recover the money he had paid for that promise.

The right to restitution[1] from a party who has substantially failed to perform[2] his part of the bargain is firmly established. 18 Ohio Jurisprudence 3d 284, Contracts, Section 352; cf. *Wilson & Co.* v. *Werk Co.* (1922), 104 Ohio St. 507; *Union Pipe & Machinery, Ltd.* v. *Luria Steel & Trading Corp.* (C.A. 6, 1955), 60 O.O. 74, 79. "Once it is determined that a substantial breach has occurred, the non-breaching party has several options about what measures of recovery to pursue." Dobbs, The Law of Remedies, Section 12.1. He may pursue his expectancy interest and sue for damages or, "[i]f it is easier for him to show his restitution

measure, then so be it, for that measure will certainly not be an unfair one to the defendant in the usual case." *Id.* at 793. When a contract is breached, the innocent party may recover either his expectancy or the benefits he has conferred upon the breaching party by his performance under the contract. 3 Restatement of Contracts 2d 208, Section 373.

In a case strikingly similar to this one, *Economy Swimming Pool Co.* v. *Freeling* (1963), 236 Ark. 888, 370 S.W. 2d 438, defendant contracted with plaintiff to build a watertight fallout shelter on plaintiff's property. The shelter leaked and defendant unsuccessfully attempted for three months to prevent the seepage. Plaintiff sued for restitution of his payments made under the contract to which the court, at page 891, stated:

"It seems to be basic contract law — apparently so basic that there is little case law on the point — that where there is a material breach of contract, substantial nonperformance and entire or substantial failure of consideration, the injured party is entitled to rescission of the contract and restitution and recovery back of money paid."

---

[1] The term "restitution," as it applies in breach of contract cases, refers only to the remedy of placing plaintiff in the position where he was before the contract was made; that is, to return him to the *status quo ante* (as opposed to damages, or his expectancy, which are to place him in the position he would be in if the contract were performed). It should not be confused with the equitable action, restitution, which is used in situations involving unjust enrichment where the existence of a contract is immaterial.

[2] In order to obtain restitution as a measure of damages, the breach must be substantial, not minor. Professor Corbin explains:

"In the case of a breach by nonperformance, however, assuming that there has been no repudiation, the injured party's

alternative remedy by way of restitution depends upon the extent of the nonperformance by the defendant. The defendant's breach may be nothing but a failure to perform some minor part of his contractual duty. Such a minor non-performance is a breach of contract and an action for damages can be maintained. The injured party, however, can not maintain an action for restitution of what he has given the defendant unless the defendant's non-performance is so material that it is held to go to the 'essence'; it must be such a breach as would discharge the injured party from any further contractual duty on his own part. Such a vital breach by the defendant operates, with respect to the right of restitution, in the same way that a repudiation of the contractual obligation would operate." 5 Corbin on Contracts 561-564, Section 1104.

See, also, *Bause* v. *Anthony Pools, Inc.* (1962), 205 Cal. App. 2d 606, 23 Cal. Rptr. 265.[3]

Defendants' fourth assignment of error is that plaintiff prevented defendants from performing their part of the contract. We find no evidence in the record that plaintiff refused to permit defendants to complete the job. The jury properly weighed the evidence and found for the plaintiff.

We affirm.

*Judgment affirmed.*

BLACK, P.J., SHANNON and PALMER, JJ., concur.

---

[3] The restitution sought by plaintiff in this case was the payment he made on the contract ($2,400). However if defendants' services resulted in any benefit to the plaintiff, the plaintiff's restitution must be offset by the value of that benefit. 5 Corbin on Contracts 573, Section 1107. The jury apparently gave credit to testimony that defendants' work had stopped some of the mud that had previously oozed into plaintiff's basement and offset plaintiff's award by $400. We do not rule on the propriety of this aspect of the verdict because plaintiff, apparently satisfied with the verdict, chose not to cross-appeal and raise this issue.