DECISION
{¶ 1} Plaintiff-appellant, Kiana Ross, appeals from a judgment of the Franklin County Municipal Court that overruled her objection to the magistrate's decision, adopted the magistrate's decision, and entered judgment against plaintiff on her complaint and for defendant-appellee, Gregory Cockburn, on defendant's counterclaim. Plaintiff assigns a single error:
 Assignments of Error No. 1:
 Defendant-Appellant's [sic] made statements that were untrue and many facts were overlooked. Gregory Cockburn left *Page 2 
premises with all materials and did not complete privacy fence. In transcript page 47 stated that his labor cost was 15 hours, at $59.00 an hour which came up to $914.50. But was never stated so in the contract about the hourly wage. Gregory stated that fence was not connected to my neighbor's fence but in my photos showed that it was. Gregory worked for 3 days for a total of 2hours each day. Contract stated if either party wanted to back out within in [sic] 3 days money will be returned.
Because (1) plaintiff failed to file with the trial court a transcript of the proceedings before the magistrate, and (2) the magistrate's findings of fact support his conclusions of law, we affirm.
 {¶ 2} Plaintiff filed a complaint on June 5, 2007 in the Franklin County Municipal Court, Small Claims Division, seeking $3,000 arising out of defendant's alleged failure to complete his agreement with plaintiff to build a fence for plaintiff's residential backyard. In response, defendant filed a counterclaim that contended plaintiff owed defendant $462.96 for the cost of work defendant performed on the contract. The matter was tried to a magistrate on July 11, 2007. On August 24, 2007, the magistrate issued a decision, concluding plaintiff failed to prove her case by a preponderance of the evidence, but defendant proved his counterclaim.
 {¶ 3} According to the magistrate's decision, plaintiff hired defendant to build a fence in plaintiff's backyard for a total cost of $2,200; plaintiff gave defendant $1,100 as a down payment. As construction of the fence began, plaintiff requested that defendant change the size and location of the fence, as well as the placement of the fence slats. Although defendant incorporated several changes, he asked to have the changes reduced to writing. When plaintiff "refused and initiated an argument that prohibited *Page 3 
defendant from completing the work for plaintiff," defendant ceased working on the project. (Magistrate's Decision, 2.) The magistrate concluded "[defendant established with credible testimony that total value of the work performed for plaintiff was $1562.95." Id. After subtracting the initial down payment from that total, the magistrate awarded defendant $462.95 and dismissed plaintiff's complaint. The trial court entered judgment accordingly on August 28, 2007.
 {¶ 4} On August 30, 2007, plaintiff timely filed an objection to the magistrate's decision, contesting the decision's factual premise. Absent a transcript of the proceedings before the magistrate, the trial court reviewed the findings of fact and conclusions of law and determined the decision contained an adequate factual and legal basis for the magistrate's ruling. Accordingly, the trial court overruled plaintiffs objection to the magistrate's decision, adopted the decision, and entered judgment for defendant in the amount of $462.95. The court dismissed plaintiff's complaint and assessed costs to plaintiff.
 {¶ 5} Plaintiff appeals, contending the trial court's decision is contrary to the facts as presented at the trial before the magistrate. Civ. R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ. R. 53(D)(4)(e)(i)." If, however, a party objects to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), the objection "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a *Page 4 
transcript is not available." Civ. R. 53(D)(3)(b)(iii). In the absence of a transcript or an affidavit, the trial court is required to accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts. Forth v. Gerth, Franklin App. No. 05AP-576,2005-Ohio-6619, quoting Carter v. Le, Franklin App. No. 05AP-173,2005-Ohio-6209.
 {¶ 6} Further, because plaintiff failed to file a transcript of the hearing with the trial court, our review is limited to whether the trial court correctly applied the law to the facts set forth in the magistrate's decision. Id., citing Compton v. Bontrager, Franklin App. No. 03AP-1169, 2004-Ohio-3695. As a result, even though plaintiff attached to her appellate brief the transcript of the proceedings before the magistrate, we are precluded from considering it, as the trial court did not have the opportunity to review it before determining whether to adopt the magistrate's decision. Forth, supra, citing State ex rel.Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728.
 {¶ 7} Here, the magistrate's decision sets forth facts supporting the legal conclusion reached in the decision. After considering the evidence presented and the credibility of the witnesses, the magistrate found plaintiff failed to prove her case by a preponderance of the evidence, but defendant proved his counterclaim. While the magistrate concluded that the parties entered into an agreement pursuant to which defendant would build a fence in plaintiff's backyard at a cost of $2,200, the magistrate determined plaintiff requested several adjustments to the contract in the size and location of the fence, as well as placement of the fence slats. The magistrate determined that, although defendant requested the changes be memorialized in writing, plaintiff not only *Page 5 
refused to reduce the changes to writing, but "initiated an argument that prohibited defendant from completing the work for plaintiff." (Magistrate's Decision, 2.) On the basis of those findings, the magistrate could properly conclude defendant did not breach the contract with plaintiff. Davidson v. Klosterman Baking Co., Montgomery App. No. 21948, 2008-Ohio-2583, at ¶ 22, quoting 18 Ohio Jurisprudence 3d (2001, Supp. 2007) 119, Contracts, Section 214.
 {¶ 8} Moreover, the magistrate determined defendant "established with credible testimony" that the "total value of the work defendant performed for plaintiff was $1562.95." Id. Acknowledging plaintiff's down payment of $1,100, the magistrate applied that to the work defendant performed and awarded $462.95 to defendant. Defendant is entitled to recover for work performed under the contract. Yurchak v.Jack Boiman Const. Co. (1981), 3 Ohio App.3d 15, 16 (noting that "[w]hen a contract is breached, the innocent party may recover either his expectancy or the benefits he has conferred upon the breaching party by his performance under the contract").
 {¶ 9} In the final analysis, the magistrate's findings of fact support the legal conclusion he reached. The trial court, thus, did not err in adopting the magistrate's decision. Moreover, even if we were to review the transcript attached to plaintiff's appeal, the judgment on appeal would not be different, as competent credible evidence supports the magistrate's decision. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus; Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 226, certiorari denied (1995), 513 U.S. 1150 (noting the reviewing court affords "every reasonable presumption in favor of the lower court's judgment and finding of facts," so that evidence susceptible of more *Page 6 
than one interpretation is construed consistently with the trial court's judgment). See, also, Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 10} Because (1) plaintiff failed to file a transcript in the trial court with her objections, and (2) the magistrate's findings of fact support his conclusions of law, we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1