[Cite as *Acts 17:28 Ministries, Inc. v. Dept. of Rehab. & Corr.*, 2018-Ohio-4954.]

| | |
|---|---|
| ACTS 17:28 MINISTRIES, INC., et al. | Case No. 2017-00355JD |
| Plaintiffs | Judge Patrick M. McGrath |
| | Magistrate Robert Van Schoyck |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Before the court are plaintiffs' objections filed on September 25, 2018 to Magistrate Robert Van Schoyck's decision of September 11, 2018. The matter is before the court for decision.

## I. <u>Background and Procedural History</u>

{¶2} On April 19, 2017, plaintiffs Acts 17:28 Ministries, Inc. and Mark H. Butler, through counsel, filed a complaint against defendant Ohio Department of Rehabilitation and Correction (ODRC). Plaintiffs asserted in the complaint that ODRC, through its agent and employee, Tim Buchanan, "terminated [a] service contract without cause and without providing the necessary written notice required by the terms of the service contract, thereby breaching the service contract." (Complaint, ¶ 4.) According to plaintiffs, as a direct and proximate result of ODRC's alleged breach of contract, plaintiffs "have suffered economic harm in an amount equal or exceeding Thirty-one Thousand Nine Hundred and Twenty Dollars ($31,920.00)." (Complaint, ¶ 5.)

{¶3} The court appointed attorney Robert Van Schoyck as a magistrate in the cause without limitation of authority specified in Civ.R. 53(C). (Entry, April 24, 2017.) And the court ordered that Civ.R. 53 "shall govern the proceedings and the decision of the magistrate." (Entry, April 24, 2017.) The court further ordered that objections to the decision of the magistrate, if any, "shall be filed as provided in Civ.R. 53(D)(3)(b)." (Entry, April 24, 2017.)

{¶4} On June 11, 2018, Magistrate Van Schoyck conducted a bench trial in the cause.  And on September 11, 2018, Magistrate Van Schoyck issued a decision wherein he "[found] that plaintiffs failed to prove their claim by a preponderance of the evidence" and wherein he recommended judgment in favor of ODRC.  (Magistrate Decision, 13.)

{¶5} On September 25, 2018, fourteen days after Magistrate Van Schoyck issued his decision, plaintiffs, through counsel, filed written objections to Magistrate Van Schoyck's decision, "assert[ing] that the facts presented at the hearing do not justify a finding that the ODRC was justified in using the immediate termination clause in the contract." (Objections, 1.)

{¶6} In the written objections plaintiffs "request[ed] 30 days after the filing of the transcript to provide citations to the record and supplemental objections." (Objections, 1.)  The court construed plaintiffs' request as a motion requesting leave to file supplemental objections.  And on October 3, 2018, the court granted leave to plaintiffs "to file supplemental objections within 30 days after a transcript is filed in this matter." (Entry, October 3, 2018).  In the court's entry of October 3, 2018, the court did not grant an extension of time in which to file a transcript in this matter.

{¶7} More than thirty days have elapsed since plaintiffs filed their objections.  And during this time plaintiffs have not filed a transcript of the proceedings before Magistrate Van Schoyck.

## II. <u>Law and Analysis</u>

{¶8} Rule 53(D)(3)(b) of the Ohio Rules of Civil Procedure governs objections to a magistrate's decision.  Pursuant to Civ.R. 53(D)(3)(b)(i), a party "may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."  Civ.R. 53(D)(3)(b)(ii) provides: "An objection to a

magistrate's decision shall be specific and state with particularity all grounds for objection." And Civ.R. 53(D)(3)(b)(iii) states:

> An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. *The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.* If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

(Emphasis added.)

{¶9} Here, plaintiffs have not filed a transcript or affidavit within thirty days after plaintiffs filed their objections. Neither has the court extended the time in writing for preparation of a transcript in this matter. The court finds that plaintiffs have failed to comply with the deadline established in Civ.R. 53(D)(3)(b)(iii) for the filing of a transcript or affidavit of evidence.

{¶10} Because plaintiffs have failed to timely file a transcript or affidavit in this cause, it is not possible for this court to review any arguments relating to issues of fact because it has no testimony before it to weigh and assess. *See Huffer v. Huffer*, 10th Dist. Franklin No. 12AP-883, 2013-Ohio-1575, ¶ 10 (stating that "the mandate of filing a transcript found in Civ.R. 53(D)(3)(b)(iii) is not a mere technicality. The obvious and practical reason for Civ.R. 53(D)(3)(b)(iii) is that, without a transcript of the proceedings before the magistrate, it is not possible for a trial court to review any arguments relating to issues of fact because it has no testimony before it to weigh and assess"). In *James v. My Cute Car, LLC*, 10th Dist. Franklin No. 16AP-603, 2017-Ohio-1291, ¶ 15, the Tenth District Court of Appeals explained: "'The absence of a transcript or affidavit of evidence restricts the scope of review at both the trial court and appellate levels.'

*Cargile v. Ohio Dept. of Admin. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 10. 'In the absence of both a transcript and an affidavit, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts.' *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 16-18, citing *Ross v. Cockburn*, 10th Dist. No. 07AP-967, 2008-Ohio-3522, ¶ 5."

{¶11} Here, plaintiffs' objection that is before the court asserts: "[T]he facts presented at the hearing do not justify a finding that ODRC was justified in using the immediate termination clause in the contract." (Objections filed on September 25, 2018.) Plaintiffs' objection thus raises a factual challenge to Magistrate Van Schoyck's decision. But, without a transcript or an affidavit of evidence, the court's review is restricted to Magistrate Van Schoyck's legal conclusions contained in his decision.

{¶12} Based on the court's independent review, the court finds no error in Magistrate Van Schoyck's legal conclusions contained in his decision of September 11, 2018.

## III. **Conclusion**

{¶13} For reasons set forth above, the court holds that plaintiffs' objections of September 25, 2018, to Magistrate Van Schoyck's decision of September 11, 2018, are OVERRULED. Because the court has found no error in Magistrate Van Schoyck's legal conclusions contained in his decision, the court further holds that Magistrate Van Schoyck's decision of September 11, 2018, should be adopted. The court therefore adopts Magistrate Van Schoyck's decision of September 11, 2018.

{¶14} In accordance with the magistrate's decision, judgment is rendered in favor of ODRC. Court costs are assessed equally against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH

_____
                                  Judge

**Filed November 14, 2018**
**Sent to S.C. Reporter 12/10/18**